UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBEKA ANN JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of the Social Security Administration for Operations,<br><br>Defendant. | CASE NO. 3:17-CV-05626-RSL-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>NOTING DATE:  April 20, 2018 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed (*see* Dkt. 13, 14, 15).

After considering and reviewing the record, the Court concludes that the ALJ never resolved conflicts between the testimony of the vocational expert regarding if there is any work that plaintiff can perform given plaintiff's residual functional capacity and the Dictionary of Occupational Titles on that same issue. It appears that had the ALJ

adopted a different set of limitations for plaintiff, that is, those that paralleled a different hypothetical presented to the VE at the hearing testimony, the conflict would have been resolved. However, such is not the case.

Therefore, this matter should be reversed and remanded to the Administration for further proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, REBEKA ANN JACKSON, was born in 1972 and was 37 years old on the alleged date of disability onset of July 1, 2009 (*see* AR. 151-56). Plaintiff has work history in dairy servicing with her former husband. AR. 177-80. Plaintiff started training as a self-reliance specialist, but was unable to keep the job. AR. 42-43.

According to the ALJ, plaintiff has at least the severe impairments of "Degenerative disc disease, obesity, depression, and posttraumatic stress disorder (20 CFR 416.920(c))." AR. 22.

At the time of the hearing, plaintiff was living in her mother's house. AR. 41.

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 66-77, 79-93). Plaintiff's requested hearing was held before Administrative Law Judge Vadim Mozyrsky ("the ALJ") on December 11, 2015 (*see* AR. 37-64). On February 2, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 17-36).

On June 8, 2017, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in August, 2017 (*see* Dkt. 3). Defendant filed the sealed administrative record regarding this matter ("AR.") on October 16, 2017 (*see* Dkt. 8).

In plaintiff's Opening Brief, plaintiff raises the following issue: Whether the ALJ's failure to reconcile apparent conflicts between the vocational expert's testimony and the *Dictionary of Occupational Titles* and *Selected Characteristics of Occupations defined in the Revised Dictionary of Occupational Titles* was improper (*see* Dkt. 13, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**Whether the ALJ's failure to reconcile apparent conflicts between the vocational expert's testimony and the *Dictionary of Occupational Titles* and *Selected Characteristics of Occupations defined in the Revised Dictionary of Occupational Titles* was improper.**

In this matter, the ALJ relied on the testimony from a vocational expert ("VE") regarding the ability of a hypothetical individual with specific limitations and background

to perform specific work. *See* AR. 29-31. Specifically, the ALJ, in the written decision, determined plaintiff's residual functional capacity ("RFC"), then relied on the VE's testimony that a hypothetical person with that specific RFC and with plaintiff's background was unable to perform past relevant work, but was able to perform the specific jobs of hospital housekeeper; laundry worker; and linen worker. *Id*. In reliance on such testimony, the ALJ concluded that plaintiff "has not been under a disability, as defined in the Social Security Act, since June 11, 2013, the date the application was filed." AR. 31 (citing 20 C.F.R. § 416.920 (g)).

Defendant acknowledges that the testimony from a VE "generally should be consistent with the [Dictionary of Occupational Titles ('DOT')]." Dkt. 14, p. 3 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (internal quotation marks omitted)). When there is a conflict between the VE's testimony and the DOT, the ALJ must then determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (footnotes omitted).

Here, defendant also acknowledges that the "VE gave testimony that conflicted with the DOT, but he explained the deviation by citing his own work experience." Dkt. 14, p. 3.

Here, at step five, the ALJ erred by not inquiring as to whether or not there exists a conflict between the VE's testimony and the DOT for the particular hypothetical relied on, that is, the hypothetical that matches the RFC determination in the ALJ's written decision. *See* AR. 24 (compare with AR. 62-63); *see also* Dkt. 15, pp. 1-3. This is against

the Ninth Circuit's explicit holding that an ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether or not the testimony conflicts with the Dictionary of Occupational Titles [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citing Social Security Ruling, SSR 00-4p, available at 2000 SSR LEXIS 8). The court noted that "SSR 00–4p . . . . provides that the adjudicator "*will* ask" the vocational expert 'if the evidence he or she has provided' is consistent with the *Dictionary of Occupational Titles* and obtain a reasonable explanation for any apparent conflict." *Id.* at 1152-53 (footnote omitted). The court reasoned that:

> The procedural requirements of SSR 00–4p ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the Dictionary of Occupational Titles. In making disability determinations, the Social Security Administration relies primarily on the Dictionary of Occupational Titles for "information about the requirements of work in the national economy." The Social Security Administration also uses testimony from vocational experts to obtain occupational evidence. Although evidence provided by a vocational expert "generally should be consistent" with the Dictionary of Occupational Titles, "[n]either the [Dictionary of Occupational Titles] nor the [vocational expert] ... evidence automatically 'trumps' when there is a conflict." Thus, the ALJ must first determine whether a conflict exists. If it does, the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles.

*Id.* at 1153 (footnotes omitted). The court noted that in "so holding, we join the Third, Seventh, and Tenth Circuits [and] we also follow our own precedent." *Id.* at 1152 (footnote omitted).

Here, as noted by plaintiff, the VE "explicitly noted that only his testimony 'regarding hypothetical #2' deviated from the information in the DOT and SCO. The VE did not state that his testimony for the first hypothetical was inconsistent with the DOT

and SCO, [which is] important, as the first hypothetical matches the RFC adopted by the ALJ in his decision." Dkt. 15, p. 2.

The Court notes that in a case involving a potential conflict between a RFC limitation to one- or two-step tasks and a VE's testimony that a claimant could perform work requiring a reasoning level of two, the Ninth Circuit concluded that the ALJ erred in failing to resolve the apparent conflict. *See Rounds v. Colvin*, No. 13-35505, 2015 U.S. App. LEXIS 13561 (9th Cir. August 4, 2015). The court concluded that "[b]ecause the ALJ did not recognize the apparent conflict between [the claimant's] RFC and the demands of Level Two reasoning, the VE did not address whether the conflict could be resolved." *Id.* at *15. The court remanded the case, concluding that it could not determine whether or not substantial evidence supported the ALJ's step-five finding. *Id.* (citing *Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2015) (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1154 (9th Cir. 2007))). The court rejected the argument that it was sufficient that the ALJ indicated at the beginning of the vocational expert's testimony that the ALJ would assume that there were no conflicts between the VE's testimony and the DOT unless informed otherwise. *Id.* at *13-*15.

For the reasons stated herein, the Court finds persuasive plaintiff's argument that the "VE never indicated his testimony regarding the first hypothetical conflicted with the DOT or SCO." Dkt. 15, p. 3. The Court also finds persuasive plaintiff's argument that "an ALJ 'may not rely on evidence provided by a VE . . . . if that evidence is based on underlying assumptions or definitions that are inconsistent with the regulatory policies and definitions." *Id*. (quoting Social Security Ruling 00-04). Because the Court is unable

to determine whether or not the ALJ's decision is supported by substantial evidence, and because this error is not harmless, this matter should be reversed and remanded for further administrative proceedings, as requested by plaintiff.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

The Court finds persuasive plaintiff's argument that the ALJ's "error was harmful because according to the information contained in the DOT and SCO, plaintiff would not be capable of performing the step five occupations with the RFC adopted by the ALJ." Dkt. 15, p. 3. If plaintiff is not capable of performing the step five occupations with the RFC adopted by the ALJ, plaintiff would be deemed disabled.

Therefore, for the reasons stated and based on the record as a whole, the Court cannot conclude with confidence that no reasonable ALJ, when properly evaluating "'the testimony, could have reached a different disability determination.'" *See Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

## CONCLUSION

Based on the stated reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 20**,** 2018, as noted in the caption.

Dated this 2nd day of April, 2018.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge